UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY EL-KHOURI,

    Plaintiff,

v.                                                            CASE NO. 6:23-cv-01162-RBD-RMN

EASTERN FLORIDA STATE COLLEGE,
BOARD OF TRUSTEES,

    Defendant.
_____/

**DEFENDANT'S NOTICE TO SUPPLEMENT ITS MOTION IN LIMINE AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Eastern Florida State College, Board of Trustees ("Defendant"), pursuant to Middle District of Florida Local Rule 3.01(g), files this Notice to Supplement its Motion in Limine and Supporting Memorandum of Law, and states the following in support:

1. On January 29, 2025, Defendant filed its Motion in Limine and Supporting Memorandum of Law. Doc. 45 ("Motion").

2. Pursuant to Local Rule 3.01(g), in the Motion Defendant stated that

> the undersigned counsel has contacted El-Khouri's counsel to conduct the meet and confer, however, El-Khouri's counsel has advised that she is unavailable prior to the filing of the Motion to conduct the meet and confer due to personal reasons. In compliance with Local Rule 3.01(g), the College will file a Notice with the Court no later than Monday, February 3, 2025 advising the Court as to the outcome of the meet and confer or whether El-Khouri's counsel remains unavailable to conduct the meet and confer due to personal reasons.

1

*See* Doc. 45 at 3.

3. On January 30, the undersigned counsel and counsel for Plaintiff conducted the mandatory in-person Pre-Trial Meeting in this matter. During this meeting, counsel for Plaintiff advised the undersigned counsel that she needed to review the Motion prior to conducting the meet and confer and that she would contact the undersigned counsel on January 31 to conduct the meet and confer.

4. After Plaintiff's counsel did not contact the undersigned counsel on January 31, the undersigned counsel emailed Plaintiff's counsel on January 31 at 4:29pm requesting that Plaintiff's counsel either contact the undersigned counsel or let the undersigned counsel know when he can contact Plaintiff's counsel so that the parties could conduct the required meet and confer on the Motion before the February 3 deadline to file this Notice with the Court.

5. After still not hearing from Plaintiff's counsel, the undersigned counsel called Plaintiff's counsel on February 3 at approximately 9:10am to conduct the meet and confer but left a voicemail for Plaintiff's counsel. The undersigned counsel followed up this voicemail with an email on February 3 at 9:29am, again requesting that Plaintiff's counsel contact the undersigned counsel.

6. At 3:24pm on February 3, Plaintiff's counsel informed the undersigned via email that Plaintiff objects to all the relief requested in the Motion.

February 3, 2025                             Respectfully submitted,

                                             /s/ *Mark E. Levitt*

2

Mark E. Levitt, Esq.
Florida Bar No. 193190
Howard M. Waldman, Esq.
Florida Bar No. 1002881
FordHarrison LLP
300 South Orange Ave., Suite 1300
Orlando, FL 32801
(407) 418-2300
mlevitt@fordharrison.com
hwaldman@fordharrison.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2025 a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF, which will send a notice of electronic filing to the following: Melissa C. Mihok, Esq., Mihok Law, 409 Durham Shore Ct., Apollo Beach, FL 33572, mmihoklaw@gmail.com.

*/s/ Mark E. Levitt*
Attorney

WSACTIVELLP:113368518.1

3