# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ANTHONY EL-KHOURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) 6:23-cv-01162-RBD-RMN |
| EASTERN FLORIDA STATE | ) |
| COLLEGE, BOARD OF | ) |
| TRUSTEES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **PLAINTIFF'S FINAL PRETRIAL STATEMENT**

The Plaintiff, ANTHONY EL-KHOURI, hereby submits the following Pretrial Statement to be used at trial to be scheduled during the trial term that begins on March 3, 2025.

The parties were working diligently on preparing a Joint Pretrial Stipulation, but due to several disagreements regarding the proposed voir dire, jury instructions, and verdict form, the joint filing could not be completed.[1]

---

[1] The undersigned denies the introductory paragraphs of the Defendant's Pretrial Stipulation as being incorrect, exaggerated, and/or devoid of key facts. However, in the effort to conserve judicial resources, this issue will not be addressed unless directed by the Court. Both stipulations were timely filed.

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

## I. Basis of the Court's Jurisdiction

The Plaintiff has no objection and joins in the Basis for Jurisdiction outlined in Defendant's Pretrial Statement.

## II. Concise Statement of the Action

Plaintiff, Anthony El-Khouri, alleges that the College discriminated against him in violation of Title VII and the Florida Civil Rights Act (FCRA) when it declined to renew his annual contract in April 2022. El-Khouri was a full-time instructor for the College working under an annual contract until he was notified that his contract would not be renewed in April 2022 for the 2022-2023 academic year. The College reinstated El-Khouri in August 2022.

El-Khouri alleges that his annual contract was not renewed in April 2022 because of national origin discrimination. The College denies that El-Khouri was subjected to national origin discrimination and asserts that it had legitimate, non-discriminatory reasons for not renewing El-Khouri's annual contract in April 2022.

## III. Concise Statement of Each Party's Position

### a. *El-Khouri's Statement of Position*

During the time period relevant to this action, El-Khouri was employed by the College as a professor. While working as an adjunct professor during the Spring of 2018, a handful of students voiced concerns they had regarding

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

El-Khouri. The College claims to have conducted an investigation into the student concerns, but El-Khouri was not notified of the allegations at the time nor was he given an opportunity to voice his side of the story. At the conclusion of the Spring 2018 semester, the College did not offer El-Khouri another assignment as an adjunct professor. At the time, the College did not give a reason for the decision. During the course of this lawsuit, the College claims that *the only reason* it did not renew El-Khouri's contract was due to student complaints that occurred while he was working as an adjunct professor (prior to his being hired as a full-time professor).

The College hired El-Khouri as a full-time professor pursuant to an annual contract thereafter. During the Spring 2022 semester, the College notified El-Khouri that it did not intend to renew his annual contract for employment the following school year. El-Khouri had not been subjected to any disciplinary action and consistently received positive performance evaluations. In fact, El-Khouri was excelling and was well on his way to earning a continuing contract with the College (commonly referred to as "tenure").

Other professors who were employed by the College but were not Arab or Lebanese were not treated in the same manner as El-Khouri. There are multiple other professors who received student complaints whose contracts

have been renewed and others who were granted tenure despite the complaints.

Other individuals similar to El-Khouri were treated in the same disfavorable manner. Two examples are Islam Shimy, an Arab from Egypt, and Phaedra Williams, an African American. Both Shimy and Williams were let go by the College on or within a few days of El-Khouri without cause.

Handfield, the sole decisionmaker, has a long history of discriminating against people of color. Handfield expressed her feelings to Scott Herber, El-Khouri's department chair, saying that El-Khouri's mother (who also worked for the College) was a "pain in the ass" probably due to her "culture." The only explanation for the College not renewing El-Khouri's annual contract for the 2022-2023 school year was discrimination on the part of the College.

    b.    <u>*The College's Statement of Position*</u>

The Defendant submitted its position in its Pretrial Stipulation.

## IV. **Exhibit Lists**

1. El-Khouri's Exhibit List is attached hereto as Exhibit 1.

2. The College's Exhibit List, was provided to the Court as a Joint Exhibit List despite El-Khouri's objections to the following proposed exhibits:

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

    a.    Defendant's Proposed Exhibit 9- it is irrelevant and prejudicial to introduce a faculty complaint when El-Khouri was never notified of the same; and the College's position that the *only* reason El-Khouri was non-renewed was *student* complaints. Introducing evidence of a faculty complaint is prejudicial as it will tend to impugn El=Khouri's character and professionalism. Also, it was <u>not considered when making the adverse action</u>

    b.    Defendant's Proposed Exhibits 18-22- the College is trying to split hairs by saying El-Khouri was "initially" not renewed and makes a big to-do about the fact that after the non-renewal, El-Khouri filed a grievance disputing the non-renewal. Handfield denied the Step 2 grievance. Finally, at Step 3 of the grievance process, the College agreed to reinstate El-Khouri as a part of the resolution of that grievance. However, whether El-Khouri grieved the matter or not is irrelevant. The "initial" decision is still a decision, albeit amended some four months later. To allow evidence regarding the grievance has the potential to confuse and mislead the jury- the grievance did end up with El-Khouri being reinstated, but not on the basis of national origin discrimination. The jury may be confused between the two processes, and/or believe that El-Khouri has been made whole after grieving his non-renewal, without considering the other remedies involved in Title VII and FCRA cases, including compensatory damages

    c.    Defendant's Proposed Exhibit 25- it is irrelevant to the issues in this case as it occurred *after* the adverse action. Therefore, it could not have been considered in making the adverse action. The College filed a motion in limine to exclude exactly this type of evidence

    d.    Defendant's Proposed Exhibits 30-32- they are irrelevant to this proceeding. The events detailed in the exhibits occurred after the adverse action and thus were not considered in making the decision. There is no dispute that El-Khouri was employed by the Brevard County School Board, the dates of employment, or pay received. Again, this could confuse the jury. Any issues the College has with this can be handled through jury questions regarding mitigating his damages

    e.    Defendant's Exhibits 33-35- they are irrelevant, prejudicial, <u>and have yet to be produced to the Plaintiff to this day, despite Plaintiff having requested them in discovery</u>. El-Khouri also objects on authenticity grounds as there was no disclosure, to date, or from what appears on the Defendant's Witness List, as to who recorded the meeting, how it was recorded, why there are so many recordings, how it was transcribed, by whom it was transcribed, what method was used to transcribe it, what training was received in order to qualify that person to transcribe meetings, etc.

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

## V. Witness Lists

1. El-Khouri's Witness List, including the likelihood each witness will testify, is attached hereto as Exhibit 2. The College did not submit any objections to El-Khouri's Witness List.

2. The College's Witness List was previously filed incorrectly by the College as a Joint Exhibit List, despite the Plaintiff's objections to the same (as noted above).

## VI. Expert Witness Lists

Neither Party will be eliciting testimony from an expert witness.

## VII. Breakdown of the Type and Amount of Monetary Damages

1. Any lost wages that El-Khouri incurred due to not working at the College during the Summer 2022 semester less that which he earned while working for the Brevard County School Board.

2. Any compensatory damages due to the emotional distress incurred by El-Khouri as a result of the College's initial non-renewal of his annual contract in April 2022.

3. Reasonable attorney's fees to Plaintiff, should he prevail.

4. Reasonable costs to the prevailing party.

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

## VIII. <u>Deposition Designations</u>

Plaintiff intends to offer the deposition transcript of Islam Shimy in lieu of live testimony as he will be unavailable to testify at trial.

## IX. <u>Concise Statement of Admitted Facts[2]</u>

1. El-Khouri began working for the College as an adjunct instructor on the Melbourne campus during the Spring 2018 semester.

2. El-Khouri worked as an adjunct instructor at the College's Cocoa campus for the Fall 2018, Spring 2019, and Summer 2019 semesters.

3. El-Khouri applied for and was hired as a full-time instructor at the Cocoa campus beginning with the Fall 2019 semester.

4. El-Khouri received an annual contract for the 2019-2020, 2020-2021, and 2021-2022 academic years.

5. The College did not renew El-Khouri's annual contract in April 2022 for the 2022-2023 academic year.

6. The College reinstated El-Khouri as a full-time professor working pursuant to an annual contract for the 2022-2023 academic year.

7. The College is not obligated to provide instructors working under an annual contract, such as El-Khouri, with an additional annual contract upon the expiration of the prior annual contract.

---

[2] El-Khouri's facts delete some of the Defendant's purportedly admitted facts, but do not add any additional statements.

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

8. The College is not obligated to provide instructors working under an annual contract, such as El-Khouri, with any reason for electing not to renew the annual contract.

9. El-Khouri worked for the Brevard County School Board between August 2, 2022 and September 27, 2022.

10. El-Khouri's contract salary with the Brevard County School Board was $47,000.00 per year.

11. During El-Khouri's employment with the Brevard County School Board, he earned $9,349.71 in total wages.

12. El-Khouri's claim for lost wages in this lawsuit is subject to offset in the amount of $9,349.71 due to his interim earnings from the Brevard County School Board.

### X.   Concise Statement of Agreed Principles of Law

1. The Court has subject matter jurisdiction over this action.

2. The Court has personal jurisdiction over the Parties to this action.

3. Venue is appropriate in this Court.

4. The College is an "employer" within the meaning of Title VII and the FCRA.

5. Plaintiff is an "employee" within the meaning of Title VII and the FCRA.

6. El-Khouri has the burden of proof to establish his claims in Counts I and II.

7. El-Khouri has the burden of proof to establish that the College's decision to not renew his annual contract in April 2022 for the 2022-2023 academic year amounts to an adverse employment action.

8. El-Khouri has the burden of proof to establish that his national origin was a motivating factor that prompted the College to not renew his annual contract in April 2022 for the 2022-2023 academic year.

9. The College did not have any legal obligation or duty to renew El-Khouri's annual contract for the 2022-2023 academic year.

10. Any damages that El-Khouri claims to be entitled to for his claim, if any, in Count I under Title VII are subject to the statutory caps identified in 42 U.S.C. Section 1981(a).

11. Any damages that El-Khouri claims to be entitled to for his claim, if any, in Count II under the FCRA are subject to the sovereign immunity caps in Section 768.28(5) of the Florida Statutes.  *See* Fla. Stat. § 760.11(5).

12. El-Khouri is not entitled to punitive damages against the College under Title VII or the FCRA.

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

13. The lost wages that El-Khouri claims to be entitled to for his claim, if any, in Counts I and II are limited to any lost wages that he incurred in or around the Summer 2022 semester.

14. El-Khouri is not entitled to front pay or reinstatement as a remedy in this lawsuit.

15. If El-Khouri establishes his claim and any right to damages, the College is entitled to a setoff of any income for any failure on the part of El-Khouri to mitigate his damages.

16. If El-Khouri establishes his claim and any right to damages, the College is entitled to a setoff of any income earned by El-Khouri as a result of not working at the College in or around the Summer 2022 semester.

## XI.  Concise Statement of Issues of Fact

a. Whether the College discriminated against El-Khouri on the basis of his national origin by making the decision not to renew his annual contract in April 2022 for the 2022-2023 academic year.

b. Whether El-Khouri can prove that he should be awarded damages to compensate for net loss of wages incurred due to not teaching at the College in the Summer 2022 semester.

c. Whether El-Khouri is entitled to compensatory damages.

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

## XII. Concise Statement of Issues of Law

1. Whether the College discriminated against El-Khouri in violation of Title VII and/or the FCRA when the College did not renew his annual contract in April 2022 for the 2022-2023 academic year.

2. Whether El-Khouri should be awarded damages to compensate for net loss of wages incurred due to not teaching at the College in or around the Summer 2022 semester.

3. Whether El-Khouri mitigated his claimed damages.

4. Whether El-Khouri should be awarded compensatory damages.

5. Evidentiary issues raised in Defendant's Motion in Limine and El-Khouri's response. (D.E. 45)

6. Whether El-Khouri's claim of national origin discrimination can be based upon being Arab.

## XIII. Pending Motions and Other Unresolved Issues

1. Defendant's Motion in Limine and El-Khouri's response.

## XIV. Statement of the Usefulness of Further Settlement Discussions

The Parties agree that further settlement discussions will not likely be useful or successful in helping the Parties to resolve this lawsuit.

## XV. Estimated Length of Trial

1. Four days.

*El-Khouri v. Eastern Florida State College, Bd. Of Trustees;* Matter No. 23-107; Case No. 6:23-CV-1162-RBD
Plaintiff's Pretrial Stipulation

## XVI. **Certification**

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the instant document on this the 13th day of February, 2025, through the CM/ECF system, which will send notice to call counsel of record.

MIHOK LAW
1401 East 22nd Street
Tampa, Florida 33605
(813) 549-4550
melissa@mihoklaw.us
mmihoklaw@gmail.com

Attorney for Plaintiff

_____
Melissa C. Mihok, Esq.
Florida Bar No. 555851