UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY EL-KHOURI,

    Plaintiff,

v.                                             Case No. 6:23-cv-1162-RBD-RMN

EASTERN FLORIDA STATE
COLLEGE BOARD OF TRUSTEES,

    Defendant.
_____

**<u>ORDER</u>**

Before the Court are Plaintiff's belated deposition designations and Defendant's objection. (Docs. 57, 62, 65.)

The Court held a pretrial conference in this employment discrimination case on February 20, 2025. (Doc. 58.) In the parties' pretrial statement ("PTS"), Plaintiff indicated he intends to use the deposition of Islam Shimy—an Arab professor who was non-renewed by the College around the same time as Plaintiff—in lieu of live testimony at trial. (Doc. 57, p. 8.) But Plaintiff did not attach deposition designations as required by the Court's Case Management and Scheduling Order ("CMSO"). (*See* Doc. 19, p. 21); Fed. R. Civ. P. 26(a)(3). Because the designations were untimely and it was not clear whether Shimy is a qualified witness to testify by deposition, the Court gave Plaintiff leave to file a motion to allow Shimy's

deposition at trial. (Doc. 61.) Plaintiff then submitted the designations but did not include argument about the timeliness or qualification issues. (Doc. 62.) Plaintiff simply stated that Shimy is unavailable because he will be outside the country and outside the Court's subpoena power at the time of trial, without any documentary evidence supporting where Shimy will be or affidavit evidence from Shimy himself. (*Id.* at 1.) And Shimy's deposition states that he lives in Cocoa, Florida—within 100 miles of the Court. (Doc. 61-1, p. 17:1–3.) Defendant opposed, countering that Plaintiff has not provided sufficient factual or legal support for admission of Shimy's deposition and that Shimy's voluntary travel does not make him unavailable. (Doc. 65, p. 6.)

A witness is unavailable and thus qualified to appear by deposition if: (1) "the witness *is* more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition"; or (2) "the party offering the deposition could not procure the witness's attendance by subpoena." Fed. R. Civ. P. 32(a)(4)(B), (D) (emphasis added). The party offering the deposition bears the burden of demonstrating the witness's unavailability. *See McBride v. Carnival Corp.*, 102 F.4th 1194, 1202 (11th Cir. 2024); *In re Paramount Payphones, Inc.*, 256 B.R. 341, 342 (Bankr. M.D. Fla. 2000).

While the rule defining the court's subpoena power references "where the

person resides, is employed, or regularly transacts business," Fed. R. Civ. P. 45, the deposition rule does not define what it means by where the witness "is"— either place of residence or employment or where the witness is physically located at the time of trial. *See* Fed. R. Civ. P. 32. *Compare Nagel v. Glob. Growth Holdings, Inc.*, No. 6:23-cv-2256, 2025 WL 417969, at *1–2 (M.D. Fla. Feb. 6, 2025) (where witness lives or works is informative of whether witness is more than 100 miles from the court for deposition use purposes), *with SCM Corp. v. Xerox Corp.*, 77 F.R.D. 16, 17 (D. Conn. 1977) ("[A] deposition should be usable when a witness resides within 100 miles but is abroad for the duration of the trial.").

Here, the Court need not resolve the dispute over the meaning of the rule because Plaintiff's filing fails to include *any* legal argument or evidence to support the admissibility of Shimy's deposition. While the Court has no reason to doubt the representation by Plaintiff's counsel that Shimy will be traveling, without any supporting evidence, Plaintiff fails to satisfy his burden to permit Shimy's testimony by deposition. *See McBride*, 102 F.4th at 1202. Plaintiff offers no reason at all why the designations were not timely submitted with the PTS, in violation of the CMSO—which alone is reason enough for exclusion. *See, e.g., Mavromatis v. Murphy*, No. 1:14-cv-3469, 2016 WL 3344578, at *2 (N.D. Ga. June 16, 2016); *Culebra II, LLC v. River Cruises & Anticipation Yachts, LLC*, 564 F. Supp. 2d 70, 80 (D. Me. 2008). But Plaintiff also has not substantiated that Shimy will be more than

3

100 miles from the Court or outside the Court's subpoena power during trial. *Cf. Rascon v. Hardiman*, 803 F.2d 269, 277 (7th Cir. 1986) (testimony of investigator and process server substantiated unavailability of witness). And given that Shimy lives within the Court's subpoena power, Plaintiff has offered no reason why he cannot serve a trial subpoena on Shimy prior to his travel to secure his attendance—especially because Plaintiff's counsel also represents Shimy in another case. Fed. R. Civ. P. 45(c)(1)(A), 32(a)(4)(D); *see also Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987). Because Plaintiff has not met his burden of proving Shimy is unavailable, he may not use Shimy's deposition at trial.

But even if Shimy was shown to be unavailable, Plaintiff has not established that his deposition would be admissible, stating only that the deposition was taken recently by the same Defendant and counsel, and involved similar claims. (Doc. 62, p. 2.) Defendant counters that Shimy's deposition should be excluded because it was taken for a different case brought by Shimy against Defendant. (Doc. 65, pp. 7–12.) A deposition from another case may be used if it "involv[ed] the same subject matter between the *same parties*, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8) (emphasis added). Although there may be situations in which depositions taken in cases brought by different plaintiffs may be admissible under Rule 32, here, Plaintiff has made no such showing on these facts. *See Paramount*,

256 B.R. at 343–47. Because Plaintiff has not established that Shimy's deposition qualifies under Rule 32, he may not use this deposition at trial. Shimy may testify only if he appears in person.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's objection is **SUSTAINED** and Islam Shimy's deposition testimony is **EXCLUDED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 4, 2025.



ROY B. DALTON, JR.
United States District Judge