# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANTHONY EL-KHOURI,

     Plaintiff,

v.                                   Case No. 6:23-cv-1162-RBD-RMN

EASTERN FLORIDA STATE
COLLEGE BOARD OF TRUSTEES,

     Defendant.
_____

## ORDER

This action came before the Court for a trial by jury. Plaintiff Anthony El-Khouri brought a claim of national origin employment discrimination against Defendant Eastern Florida State College Board of Trustees ("College") under Title VII (Count I) and the Florida Civil Rights Act (Count II).[1] (Doc. 1.) On March 18, 2025, after Plaintiff rested his case-in-chief, Defendant orally moved for judgment as a matter of law ("JMOL") on the claims. (Doc. 79.) After hearing argument, the Court granted the motion. (Doc. 80.) This Order memorializes the Court's oral pronouncements and enters final judgment.

El-Khouri sued the College alleging it did not renew his annual contract for

_____

[1] Claims brought under Title VII and FCRA are analyzed the same way. *See Fla. State Univ. v. Sondel*, 685 So. 2d 923, 925 n.1 (Fla. 1st DCA 1996).

the 2022–2023 academic year because of discrimination against his Lebanese Arabic national origin. (*See* Doc. 1.) After discovery closed, the College moved for summary judgment, arguing that it did not renew El-Khouri's contract because of student complaints he received during his first semester teaching at the College. (Doc. 32.) At that stage, viewing the evidence in the light most favorable to El-Khouri, the Court denied summary judgment because the record established, among other things: the student complaints occurred years before, El-Khouri taught without incident after, another Arab professor was non-renewed at the same time, the non-renewal did not follow the College's typical process, multiple white professors were renewed or tenured despite student complaints, administrator Sandra Handfield made negative comments about El-Khouri's mother and her culture, Handfield rejected El-Khouri's grievance, and the College ultimately reinstated El-Khouri. (*See* Doc. 47, pp. 18–19.)

But at trial, much of the key evidence presented at the summary judgment stage did not come in. El-Khouri's case began with his own testimony, and while he testified that the College ended the employment of Islam Shimy and Phaedra Williams, other professors of color, around the same time that it chose not to renew his contract, neither Shimy or Williams testified. Nor did Dedra Sibley or Ramona Smith, El-Khouri's supervisors. Nor did El-Khouri testify about white professors who received student complaints but were renewed.

Next, Handfield testified that her recommendation of non-renewal was based on her concerns about El-Khouri's teaching abilities because of the student complaints, saying that other professors also received student complaints but the serious nature of the complaints about El-Khouri caused her greater concern. She also testified that the College did not renew Shimy's contract because he had allegations of domestic violence against him, and Williams resigned. Barbara Kennedy, the College administrator who recorded the student complaints, also testified to their contents.

Finally, Scott Herber, the former chair of El-Khouri's department, testified that he heard Handfield use a racial slur to describe an African American professor, Mary Garrett, and that Handfield had Garrett transferred, though it was long before El-Khouri's incident. Herber also testified that he heard Handfield make derogatory comments about El-Khouri's mother (also an employee of the College) being a pain due to her "culture."

At the close of El-Khouri's case-in-chief, the College moved for JMOL, arguing that El-Khouri failed to present sufficient evidence for a reasonable jury to find discrimination by Handfield or the College. (Doc. 79.) The Court agreed with the College for the reasons articulated below.

The court may grant JMOL when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a

3

legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In making this determination, the court must consider the evidence in the light most favorable to the nonmovant, but it may not weigh the evidence or make credibility determinations. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1177 (11th Cir. 2005). For an employment discrimination claim, the question is "whether there is a sufficient evidentiary basis for the jury to find that the defendant intentionally discriminated against the plaintiff." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 947 (11th Cir. 2023).

Here, El-Khouri failed to present sufficient evidence that the College's nondiscriminatory reason for not renewing his annual contract was pretext for discrimination. The bulk of El-Khouri's testimony focused on discrediting the merits of the student complaints, not the College's reliance on them, which merely established that the College's decision-making was misguided, not discriminatory. *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (discriminatory intent is evaluated by the employer's subjective beliefs). And key figures making up the convincing mosaic at the summary judgment stage—such as El-Khouri's supervisors, comparators, and "me too" witnesses—were not presented at trial, so there was no testimony showing that the College's reasons

were pretextual.[2] *Cf. Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 892–98 (11th Cir. 2011) (plaintiff presented evidence that met the employer's proffered reason "head on" and rebutted it). Even viewing the record at trial in the light most favorable to El-Khouri, the only evidence of discriminatory animus the jury heard was El-Khouri's suspicions and Herber's testimony about Handfield's isolated derogatory comments. But Handfield's comments, standing alone, could not have formed a sufficient evidentiary basis for a reasonable jury to find discrimination. *See, e.g.*, *McCreight v. AuburnBank*, 117 F.4th 1322, 1334 (11th Cir. 2024) ("[S]parse examples of an employer's animus toward a particular group is not enough on its own—a plaintiff also needs evidence connecting that animus to the adverse employment action against [him]."). Without more presented at trial in support of pretext, El-Khouri failed to establish a legally sufficient evidentiary basis for the jury to find that the College intentionally discriminated against him because of his national origin, so the Court granted JMOL on the employment discrimination claims.[3]

---

[2] Even though the College argued at the summary judgment and JMOL stages that evidence of discrimination against people of color who are not Lebanese or Arab was not relevant to El-Khouri's case, the Court disagrees. Such evidence is relevant to the *overall* picture of whether an employer's reasons are pretext for discrimination and should be considered as part of the whole. *See Tynes*, 88 F.4th at 954–58 (Newsom, J., concurring). So the Court did not rely on the College's argument in granting JMOL but focused instead on the isolated comments divorced from other indicators of discrimination.

[3] The College's argument that El-Khouri's failure to put on evidence of lost wages also foreclosed his claims fails because compensatory damages under Title VII encompass both lost wages and pain and suffering. *See* 42 U.S.C. § 1981a(b)(3); *Alexander v. Fulton Cnty.*, 207 F.3d 1303,

Accordingly, it is **ORDERED AND ADJUDGED**:

1.    Defendant's motion for judgment as a matter of law (Doc. 79) was **GRANTED**.

2.    The Clerk is **DIRECTED** to enter judgment in favor of Defendant against Plaintiff on Counts I and II.

3.    The Clerk is **DIRECTED** to close the file. The Court retains jurisdiction to consider timely post-trial motions.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 24, 2025.



ROY B. DALTON, JR.
United States District Judge

---

1343 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). Since El-Khouri testified to his mental and emotional damages, the Court did not rely on the College's argument in granting JMOL.