UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY EL-KHOURI,

      Plaintiff,

v.                                          CASE NO. 6:23-cv-01162-RBD-RMN

EASTERN FLORIDA STATE COLLEGE,
BOARD OF TRUSTEES,

      Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION ON ENTITLEMENT TO COSTS AND INCORPORATED MEMORANDUM OF LAW

Eastern Florida State College, Board of Trustees ("College"), by and through undersigned counsel and pursuant to Local Rule 7.01, Federal Rule of Civil Procedure 54, and 28 U.S.C. § 1920, hereby files this Unopposed Motion on Entitlement to Costs and Incorporated Memorandum of Law ("Motion"), and states the following in support thereof:

      1.     This action came before the Court for a four-day jury trial beginning on March 17, 2025.[1]  *See* Doc. 61.

      2.     On March 18, after Plaintiff rested his case-in-chief, the College orally moved for judgment as a matter of law ("JMOL") on the national origin employment discrimination claims raised by Plaintiff in this lawsuit.  *See* Doc. 85 at p. 1.

---

[1] All date references herein are to 2025.

3.      After hearing argument from both parties, the Court granted the motion for JMOL from the bench.  *See id.*

4.      On March 24, the Court entered an Order memorializing the Court's oral pronouncement granting the motion for JMOL.  *See* Doc. 85.

5.      In the Order, the Court ruled that Plaintiff "failed to establish a legally sufficient evidentiary basis for the jury to find that the College intentionally discriminated against him because of his national origin."  *See id.* at p. 5.

6.      On March 25, the Clerk of Court entered final judgment in favor of the College and against Plaintiff on all claims raised by Plaintiff in this lawsuit.  *See* Doc. 86.

7.      Additionally, the Clerk of Court directed the parties that any motions seeking an award of costs must be filed in compliance with Local Rule 7.01.  *See id.* Thus, the College is filing this Motion seeking its entitlement to the costs identified herein as required by Local Rule 7.01.

8.      Pursuant to Local Rule 7.01, the College is providing the following estimate of its costs that it incurred in the lawsuit and to which the College anticipates seeking the recovery of as the prevailing party in this lawsuit and pursuant to 28 U.S.C. § 1920, which totals $4,497.69, plus post-judgment interest:

      a.      Costs associated with Plaintiff's deposition = $1,903.55;

      b.      Costs associated with the depositions scheduled by Plaintiff of various witnesses = $2,408.95;

      c.     Costs associated with obtaining Plaintiff's medical records and subsequent employment records = $120.19; and

      d.     Costs associated with service of a trial subpoena upon Plaintiff's healthcare provider = $65.00.

WHEREFORE, the College respectfully requests that this Court grant the Motion and find that the College is entitled to the recovery of the costs that it incurred in defending this lawsuit, plus post-judgment interest.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned has conferred with Plaintiff's counsel, who has indicated that Plaintiff does not oppose the College's entitlement to costs as the prevailing party in this litigation. However, Plaintiff opposes the amount of costs identified in this Motion, and the Parties are currently working on attempting to reach a stipulation as to the amount of costs that should be awarded to the College.

## MEMORANDUM OF LAW

I.    **Authority to Tax Costs.**

The taxation of costs against the non-prevailing party is permitted by Rule 54 of the Federal Rules of Civil Procedure. The rule provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also CarMax Auto Superstores, Inc. v. StarMax Fin., Inc.*, 192 F. Supp. 3d 1279, 1286 (M.D. Fla. 2016) (internal quotation marks omitted and alteration in original) (Dalton, J.) ("Generally, [Rule 54(d)] authorizes an award of costs to prevailing parties as a matter of course,

while 28 U.S.C. § 1920 enumerates the type of costs that may be recovered."); *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-civ-King/Simonton, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) ("Pursuant to Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.").

Although a district court has discretion in considering a prevailing party's entitlement to costs, such discretion is limited. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("[A]lthough the district court has discretion to deny a prevailing party costs, such discretion is not unfettered."). Specifically, the burden is on the non-prevailing party to overcome the presumption that the prevailing party is entitled to an award of costs under Rule 54(d). *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (stating that the language of Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party which Manor must overcome"); *see also Neal v. Fla. HMA Reg'l Servs. Ctr.*, No. 8:22-cv-1752-WFJ-SPF, 2024 WL 3183849, at *1 (M.D. Fla. June 26, 2024) (emphasis added) (noting the "*strong presumption* in favor of awarding costs" that the non-prevailing party must overcome).

In order to tax costs against the adverse party under Rule 54, a party must first be a "prevailing party." *See* Fed. R. Civ. P. 54(d)(1). The Supreme Court has held that a party is a "prevailing party" if the party prevailed "on any significant issue in the litigation which achieve[d] some of the benefit the parties sought in bringing suit." *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (internal quotation marks omitted and alteration in original).

Here, on March 24, the Court memorialized its oral pronouncement in granting JMOL in favor of the College on all claims raised by Plaintiff in this lawsuit. *See* Doc. 85. On March 25, the Clerk of Court entered judgment in favor of the College and against Plaintiff. *See* Doc. 86. As such, the College is the prevailing party in this litigation and entitled to recover its costs.

## II.    Costs Recoverable Pursuant to 28 U.S.C. § 1920.

Pursuant to 28 U.S.C. § 1920, the following costs are taxable to the prevailing party:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, the College asserts that it is entitled to the recovery of the following costs as provided by 28 U.S.C. § 1920, as set forth below.

### III.    Costs Sought by the College.

#### A.    *Deposition Costs*.

"Taxation of deposition costs is authorized by § 1920(2)." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). In the Eleventh Circuit, deposition costs are generally taxable as long as they were "necessarily obtained for use in the case." *See id.* at 620–21 (internal quotation marks omitted). In addition to the costs of obtaining a deposition transcript, "[n]umerous courts have ruled that court reporter appearance fees are properly taxable costs" because "it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript." *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013); *see also Norman v. H. Lee Moffitt Cancer Ctr. & Research Inst., Inc.*, No. 8:19-cv-2430-WFJ-CPT, 2023 WL 2691656, at *2 (M.D. Fla. Mar. 29, 2023) (awarding costs for the deposition transcript and court reporter's appearance fee).

Here, the transcripts from the depositions of Plaintiff,[2] three witnesses on Plaintiff's witness list who in fact testified at the trial (Sandra Handfield, Barbara Kennedy, and Scott Herber),[3] and two of the College's witnesses whose depositions

---

[2] The College is clearly entitled to recover the costs associated with Plaintiff's deposition. *See Nilaj v. MGO Labs, LLC*, No. 8:23-cv-2671-WFJ-NHA, 2024 WL 3426884, at *7 (M.D. Fla. July 15, 2024) (awarding costs of deposing a central party to the case).

[3] "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *W&O, Inc.*, 213 F.3d at 621 (internal citation and quotation marks omitted). Here, Handfield, Kennedy, and Herber were not only on Plaintiff's witness list (*see* Doc. 57-4 at p. 1), but

were noticed by Plaintiff (Darla Ferguson and Linda (Miedema) Blakley)[4] were

necessarily obtained for use in the case. The transcripts were necessary for the College

to prepare its motion for summary judgment and related summary judgment filings,

for preparation of discovery and pre-trial motions and/or responses thereto, and for

preparation for trial. Thus, the College is entitled to the recovery of the costs that it

incurred related to these depositions, which were reasonable and necessary for the

College's defense of the claims raised by Plaintiff. *See Murphy v. City of Flagler Beach*,

761 F.2d 622, 631 (11th Cir. 1985) ("The plaintiff should not absorb the costs of the

deposition simply because Bennett failed to present evidence necessary to establish his

asserted defense.").

The College anticipates seeking the recovery of the following deposition costs

in the total amount of $4,312.50:

1.    $1,903.55 – costs from Plaintiff's deposition;

2.    $357.10 – costs from Handfield's deposition;

3.    $290.70 – costs from Kennedy's deposition;

---

Plaintiff did in fact call them to testify at the trial in his case-in-chief (*see* Doc. 85 at p. 3). Thus, the College is entitled to recover the costs associated with the depositions of Handfield, Kennedy, and Herber.

[4] Ferguson's transcript was attached as an exhibit to the College's motion for summary judgment and was relied upon by the College in said motion. *See* Doc. 32-3; *W&O, Inc.*, 213 F.3d at 621 (internal quotation marks omitted) ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions."). Additionally, both the depositions of Ferguson and Blakley were noticed by Plaintiff. *See BVS Acquisition Co. v. Brown*, No. 12-cv-80247-Middlebrooks, 2015 WL 12921971 at *4 (S.D. Fla. Aug. 5, 2015) (awarding deposition costs to the prevailing party when the depositions were noticed by the non-prevailing party). Lastly, both Ferguson and Blakley were listed on the College's witness list (*see* Doc. 57-5) and were prepared to testify in response to several anticipated arguments raised by Plaintiff in his response to the College's motion for summary judgment. Thus, the College is entitled to recover the costs associated with the depositions of Ferguson and Blakley.

4.      $1,123.40 – costs from Herber's deposition;

5.      $402.75 – costs from Ferguson's deposition; and

6.      $235.00 – costs from Blakley's deposition.

B.      *Plaintiff's Medical and Subsequent Employment Records*.

A prevailing party is entitled to recover the taxable costs incurred in obtaining

the opposing party's medical records and employment records for use in the case. *See*

*Lloyd v. Embry-Riddle Aeronautical Univ., Inc.*, 2022 WL 22867882, at *3 (M.D. Fla.

May 24, 2022) ("[P]rinting costs for medical and employment records from non-parties

are covered under § 1920(3).") (internal quotation marks omitted and alteration in

original), *report and recommendation adopted by* 2022 WL 22867885 (M.D. Fla. June 13,

2022) (Dalton, J.).

Here, the College is entitled to the recovery of the costs that it incurred in

obtaining Plaintiff's medical records from Plaintiff's healthcare provider. When a

plaintiff claims emotional distress as a result of the defendant's alleged employment

discrimination, it is "entirely appropriate for Defendant to obtain Plaintiff's medical

records" because such records are "necessary to defend against Plaintiff's claim for

emotional distress." *See Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-cv-747-FtM-36SPC,

2011 WL 7092657, at *5 (M.D. Fla. Dec. 30, 2011), *report and recommendation adopted*

*by* 2012 WL 220265 (M.D. Fla. Jan. 25, 2012); *see also January v. Outokumpu Stainless*

*USA, LLC*, No. 15-00040-CG-C, 2016 WL 6134537, at *3 (S.D. Ala. Oct. 19, 2016)

("In a discrimination case, medical records are necessarily obtained for use in the case

when the records either support or defend against a claim of discrimination or damages caused by the discrimination."). Plaintiff's medical records with Brevard Health Alliance ("BHA") were necessary to obtain in this case because Plaintiff claimed that he was emotionally injured by the College's alleged discrimination and sought to recover compensatory damages due to this alleged emotional distress. *See* Doc. 57 at p. 8. Thus, the College is entitled to the recovery of the costs that it incurred related to obtaining Plaintiff's medical records because this was a necessary, if not mandatory, expense required to defend against Plaintiff's claim of emotional distress damages. *See Lloyd*, 2022 WL 22867882, at *3 (awarding costs of obtaining medical records necessary to investigate plaintiff's request for emotional distress damages in a discrimination lawsuit); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570–71 (N.D. Ga. 1992) (awarding costs to the defendant for obtaining the plaintiff's medical records because "defendant may have introduced the records to dispute the amount of damages").[5] The College anticipates seeking the recovery of these costs in the total amount of $68.91.

Additionally, the College is entitled to the recovery of the costs that it incurred in obtaining Plaintiff's employment records from his subsequent employer (Brevard County School Board ("BCSB")), which is where he worked after the alleged adverse

---

[5] Although the College did not ultimately introduce Plaintiff's medical records into evidence at the trial, that was only because Plaintiff failed to introduce any evidence regarding his emotional distress damages beyond one or two conclusory and self-serving statements. However, in the event that Plaintiff testified in detail about his emotional distress damages, the College was prepared to introduce his medical records to impeach and undermine his damages claim. *See* Doc. 57-2 (the College's exhibit list at Nos. 32–37, which identify Plaintiff's medical records that the College was prepared to introduce into evidence at trial).

employment action at issue in this case.  Such records were necessarily obtained by the College because any interim earnings received by Plaintiff from the BCSB would result in an offset of any damages for lost wages that the jury would have awarded to Plaintiff in this lawsuit.  *See Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1469–70 (11th Cir. 1985) (internal quotation marks omitted) ("Interim earnings . . . by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.").  In fact, the records that the College obtained from the BCSB resulted in a stipulated fact that Plaintiff's claim for lost wages was subject to offset in the amount of $9,349.71 due to his interim earnings from the BCSB.  *See* Doc. 57 at p. 11, ¶¶ 10–11.  The College determined this amount directly from the records that it received from the BCSB.  Thus, the College is entitled to the recovery of the costs that it incurred related to obtaining Plaintiff's employment records because this was a necessary, if not mandatory, expense required to defend against Plaintiff's claim for lost wages.  The College anticipates seeking the recovery of these costs in the total amount of $51.28.

C.    *Trial Subpoena Costs*.

Costs that the prevailing party incurs in serving a subpoena through a private process server may be taxed pursuant to Section 1920(1).  *See Lloyd*, 2022 WL 22867882, at *3.  "However, such costs may be taxed only to the extent they do not exceed the statutory fees authorized in section 1921, which is $65 per hour for each item served."  *Id.* (internal quotation marks omitted).

Here, the College is entitled to the recovery of the costs that it incurred in serving a trial subpoena upon Plaintiff's healthcare provider (BHA).  The College was required

to serve the subpoena on BHA because the College needed to have BHA's records
custodian either appear at the trial to authenticate the medical records to be introduced
into evidence that BHA produced to the College through non-party discovery or
provide the College with an affidavit from the records custodian certifying the records
that were produced in discovery and introduced into evidence.  As explained above,
these records were necessary for the College to obtain and introduce into evidence at
trial to refute Plaintiff's claim for emotional distress damages, and thus, the College is
entitled to the recovery of the costs that it incurred in serving the trial subpoena upon
BHA.[6]  The College anticipates seeking the recovery of these costs in the total amount
of $65.00.[7]

> D.    _Post-Judgment Interest_.

The College also requests that an award of costs bear interest under 28 U.S.C.
§ 1961. _See Joseph_, 950 F. Supp. 2d at 1260 ("A prevailing party is entitled to post
judgment interest pursuant to 28 U.S.C. § 1961.").  The Eleventh Circuit has held that
"when a district court taxes costs against a losing party, the award of costs bears
interest from the date of the original judgment." _Ga. Ass'n of Retarded Citizens v.
McDaniel_, 855 F.2d 794, 799 (11th Cir. 1988); _see also Lloyd_, 2022 WL 22867882, at *3
(internal quotation marks omitted) ("[C]ourts allow interest on money judgments in

---

[6] _See supra_, note 5.

[7] Although the charge incurred by the College for service of the trial subpoena was $120.00, the College
acknowledges that it is only entitled to recover $65.00, which is the fee charged by the U.S. Marshal
for service of subpoenas. _See Lloyd_, 2022 WL 22867882, at *3; _LeRoux v. NCL (Bahamas) Ltd._, No. 15-
23095-civ-Williams/Simonton, 2018 WL 1863647, at *2–3 (S.D. Fla. Jan. 23, 2018), _report and
recommendation adopted by_ 2018 WL 1859333 (S.D. Fla. Feb. 9, 2018).

civil cases . . . [a]nd . . . interest on taxable costs accrues from the date of the original

damages judgment."). Thus, the College is entitled to an award of post-judgment

interest from the date of the entry of the judgment in favor of the College. *See Lloyd*,

2022 WL 22867882, at \*3 (awarding post-judgment interest to the defendant on its

award of taxable costs beginning on the date the Court entered final judgment in the

case).

## IV.    Conclusion.

Based on the foregoing, the College requests that this Court grant the Motion

and find that the College is entitled to the recovery of its costs, plus post-judgment

interest, as the prevailing party in this litigation.


April 7, 2025                                              Respectfully submitted,

                                              */s/ Mark E. Levitt*
                                              Mark E. Levitt
                                              Florida Bar No. 193190
                                              mlevitt@fordharrison.com
                                              Howard M. Waldman, Esq.
                                              Florida Bar No. 1002881
                                              hwaldman@fordharrison.com
                                              FordHarrison LLP
                                              300 South Orange Avenue, Suite 1300
                                              Orlando, FL  32801
                                              (407) 418-2300
                                              *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2025, a true and correct copy of the

foregoing was filed with the Clerk of the Court using the CM/ECF, which will send

a notice of electronic filing to all counsel of record.

*/s/ Mark E. Levitt*
Attorney

WSACTIVELLP:114113813.1