IN THE DISTRICT CIRCUIT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY EL-KHOURI, )
)
    Plaintiff, )
) CASE NO.: 6:23-cv-01162-RBD-RMN
vs. )
)
EASTERN FLORIDA STATE )
COLLEGE, BOARD OF )
TRUSTEES, )
)
    Defendant. )
_____)

## **MOTION FOR NEW TRIAL**

    The Plaintiff, ANTHONY EL-KHOURI, pursuant to Federal Rule of Civil Procedure 59, hereby moves the Court for a new trial. In support of the instant document, the Court is shown as follows:

    I.    Statement of Facts

    1.    This matter was scheduled for a four-day trial, which began on March 17, 2025. (Designation of Melissa C. Mihok, Esq., attached hereto, hereinafter referred to as "Mihok Design. ¶___")

    2.    At trial, the Plaintiff testified on his own behalf, and elicited testimony from Sandra Handfield and Barbara Kennedy, administrators with the College. (Mihok Design. ¶5)

3. The Plaintiff previously subpoenaed several additional witnesses to testify at trial; most significantly, Dedra Sibley and Ramona Smith, Plaintiff's direct supervisors at the times relevant to the material facts of the case, and Laura Earle, the local Union President and the Plaintiff's union representative who was present at various disciplinary meetings as Plaintiff's union representative, as well as the Step 3 Grievance meeting related to the Plaintiff's non-renewal. (Mihok Design. ¶6; CM/ECF 61)

4. After the Plaintiff's testimony concluded on March 18, 2025, Plaintiff intended to call Laura Earle and Ramona Smith to testify. (Mihok Design. ¶7; Ex. 1)

5. The Plaintiff intended to call Dedra Sibley in the morning of March 19, 2025 as a courtesy to Ms. Sibley's schedule and due to the pace of the trial to that point. (Mihok Design. ¶8)

6. All witnesses were subpoenaed to appear at 9:00 AM on the first day of trial (March 17, 2025) in courtroom **4A**. (Mihok Design. ¶9; Ex. 2)

7. In accord with Court rules, neither the witnesses nor the Plaintiff had access to electronic devices during the trial.[1]

---

[1] The Court did grant Plaintiff's attorney's request to bring a cellular phone into the courtroom during trial. However, the witnesses did not have access to cellular phones in the courthouse and the Plaintiff's attorney did not otherwise have the ability to contact the witnesses while in the courthouse.

*El-Khouri v. Eastern Florida State College, Bd. of Trustees*; Case No. 6:23-cv-01162-RBD-RMN
Motion for New Trial

8.  <u>After the trial concluded</u> as a result of the Court granting the Defendant's Motion for Directed Verdict, Plaintiff's counsel learned that both Smith and Earle were present at the courthouse to testify at the designated time on March 18, 2025, but had been directed by security to go to courtroom **3A.** (Mihok Design. ¶10; Ex. 1)

9.  When Plaintiff's counsel left the courtroom to call Plaintiff's next witness, there were no witnesses outside of the courtroom to call. (Mihok Design. ¶11)

10. In accord with its Case Management Order, and consistent with its prior ruling(s) regarding request(s) for a recess by defense counsel, the Court did not permit Plaintiff additional time to secure the presence of a witness. Without a witness to testify, or a method to contact the witnesses, the Plaintiff was forced to rest his case. (Mihok Design. ¶12)

11. After the Plaintiff rested his case, the Defendant moved for directed verdict, which was granted by the Court. (DE 91)[2]

12. The witnesses were present in the courthouse, although not outside of courtroom 4A at the designated time to testify. (Mihok Design. ¶13)

---

[2] The Court reporter has not yet completed the entire trial transcript; however, an excerpt of the relevant portions is attached.

13. The testimony of witnesses Smith and Sibley would have established that the Defendant went outside of its normal practice in non-renewing the Plaintiff's annual contract for employment without input from the employees' supervisor(s) and the facts relevant to the Plaintiff's work performance at the times relevant to the non-renewal of his contract. (Mihok Design. ¶14)

14. Smith was further expected to testify that she was Plaintiff's direct supervisor at the time of the non-renewal, and that she had just signed the form necessary to recommend the Plaintiff for re-appointment just one week prior to the non-renewal. (Mihok Design. ¶15)

15. The testimony of witness Earle would have corroborated the Plaintiff's testimony related to the non-renewal of his employment and the grievance process. Specifically, Earle would have testified about the Step 3 Grievance Meeting wherein the Defendant's agent(s) made statements against the Defendant's interests. (Mihok Design. ¶16)

16. Earle was also expected to testify that she was involved in all aspects of the collective bargaining process and had knowledge of the applicable Collective Bargaining Agreement (she took part in drafting the agreement) and the College's past practice and procedures. Earle's testimony was expected to corroborate the testimony of Sibley and Smith regarding the

deviation from the College's standard procedure and practice of considering input from an employee's supervisors when making the determination whether to recommend renewal. (Mihok Design. ¶17) Earle also would have testified as to her personal knowledge of other faculty members of the College who alleged to have been treated less favorably than others based upon discriminatory motive. (Mihok Design. ¶18)

II.     Memorandum of Law

Federal Rule of Civil Procedure 59 states, in relevant part:

> (a) In General.
>
> (1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court…

Fed. R. Civ. P. 59(a)(1)(A).

Courts enjoy great discretion in managing their cases, and have consistently granted a new trial when denying the motion would be an unjust result. Fed. R. Civ. P. 33; *see, also, Knight v. Miami-Dade County*, 856 F.3d 795, 807 (11th Cir. 2017), *citing, Chrysler Corp. v. Chemaly*, 280 F.rd 1358, 1360 (11th Cir. 2002). Here, the Plaintiff timely served each witness with a subpoena for trial at the correct date, time, and place. For reasons beyond

*El-Khouri v. Eastern Florida State College, Bd. of Trustees*; Case No. 6:23-cv-01162-RBD-RMN
Motion for New Trial

the Plaintiff's control (direction from security) and without Plaintiff's knowledge until after the trial concluded due to the prohibition of electronic devices of witnesses, the witnesses were not outside of courtroom 4A as directed in the subpoena when it was time to testify. Rather, they were presumably one floor down from the correct courtroom, at courtroom 3A, as directed by security.

As stated above, the testimony of Smith and Sibley would have established that the Defendant went outside of its normal practice when it non-renewed Plaintiff's contract for employment without input from the Plaintiff's supervisors. The testimony also would have established facts relevant to Plaintiff's job performance and discredited attempts by the Defendant to infer that Plaintiff's contract was non-renewed based upon his performance. This evidence, when considered with the other circumstantial evidence presented at trial, could have allowed a reasonable jury to find that the Defendant discriminated against the Plaintiff based upon his national origin.

Likewise, Earle's expected testimony related to the grievance process, and most specifically, statements made by the Defendant's Step 3 hearing officer, would have corroborated Plaintiff's testimony and belief that he was non-renewed based upon his national origin. Earle was expected to testify

that she was present when Jack Parker, grievance officer, apologized for the Defendant's actions up to the Step 3 grievance.

The injustice that resulted from the above-named witnesses is substantial. The Court discussed the lack of evidence presented during the Plaintiff's case as the reason, at least in great part, as the basis for granting the directed verdict against the Plaintiff. If these witnesses were able to testify, after being timely subpoenaed and appearing at the courthouse ready to testify but directed to the wrong courtroom, the outcome of the Defendant's motion for directed verdict may have been different.

III. Conclusion

WHEREFORE, based upon the foregoing, pursuant to Federal Rule of Civil Procedure 59, the Plaintiff respectfully requests the Court grant the Plaintiff a new trial.

*El-Khouri v. Eastern Florida State College, Bd. of Trustees*; Case No. 6:23-cv-01162-RBD-RMN
Motion for New Trial

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the instant document on this the 22nd day of April, 2025, through the CM/ECF system, which will notify via email upon all counsel of record.

> MIHOK LAW
> 1401 East 22nd Street
> Tampa, Florida 33605
> (813) 549-4550
> melissa@mihoklaw.us
> floridavirtualnotary@gmail.com
>
> Attorney for Plaintiff
>
> */s/ Melissa C. Mihok*
> _____
> Melissa C. Mihok, Esq.
> Florida Bar No. 555851