# **DECLARATION OF MELISSA C. MIHOK**

Pursuant to 28 U.S.C. Section 1746, I, Melissa C. Mihok, declare as follows:

1. I have personal knowledge of the matters herein referred to and am competent to provide this declaration.

2. I am over the age of 18 and am a resident of the State of Florida.

3. I am lead counsel for the Plaintiff in *El-Khouri v. Eastern Florida State College, Board of Trustees.*

4. This matter was scheduled for a four-day trial, which began on March 17, 2025.

5. At trial, the Plaintiff testified on his own behalf, and elicited testimony from Sandra Handfield and Barbara Kennedy, both administrators with the College.

6. I previously subpoenaed several additional witnesses to testify at trial; most significantly, Dedra Sibley and Ramona Smith, Plaintiff's direct supervisors at the times relevant to the material facts of the case, and Laura Earle, Plaintiff's Union President and Plaintiff's representative who was present at various disciplinary meetings as Plaintiff's union representative, as well as the Step 3 Grievance meeting related to the Plaintiff's non-renewal.

7. After the Plaintiff's testimony concluded on March 18, 2025, I intended to call Laura Earle and Ramona Smith to testify.

8. I intended to call Dedra Sibley in the morning of March 19, 2025 as a courtesy to Ms. Sibley's schedule and due to the pace of the trial to that point.

9. All witnesses were subpoenaed to appear at 9:00 AM on the first day of trial (March 17, 2025) in courtroom **4A**.

10. <u>After the trial concluded</u> as a result of the Court granting the Defendant's Motion for Directed Verdict, I learned that both Smith and Earle were present at the courthouse to testify at the designated time on March 18, 2025, but had been directed by security to go to courtroom **3A.**

11. When I left the courtroom to call Plaintiff's next witness, there were no witnesses outside of the courtroom to call, presumably because they were standing outside courtroom 3A, on the third floor.

12. The Court, in accord with its Case Management Order, did not permit Plaintiff additional time to secure the presence of a witness. Without a witness to testify, or a method to contact the witnesses, the Plaintiff was forced to rest his case.

13. The witnesses were present in the courthouse, although not outside of courtroom 4A at the designated time to testify.

14. The testimony of witnesses Smith and Sibley would have established that the Defendant went outside of its normal practice in non-renewing the Plaintiff's annual contract for employment without input from the employees' supervisor(s) and the facts relevant to the Plaintiff's work performance at the times relevant to the non-renewal of his contract.

15. Smith was further expected to testify that she was Plaintiff's direct supervisor at the time of the non-renewal, and that she had just signed the form necessary to recommend the Plaintiff for re-appointment just one weeks prior to the non-renewal.

16. The testimony of witness Earle would have corroborated the Plaintiff's testimony related to the non-renewal of his employment and the grievance process. Specifically, Earle would have testified about the Step 3 Grievance Meeting wherein the Defendant's agent(s) made statements against the Defendant's interests.

17. Earle was also expected to testify that she was involved in the collective bargaining process and had knowledge of the College's past practice and procedures. Earle was directly involved in the collective bargaining process, including the drafting of the applicable Collective Bargaining Agreement. Earle's testimony was expected to corroborate the testimony of Sibley and Smith regarding the deviation from the College's

standard procedure and practice of considering input from an employee's supervisors when making the determination whether to recommend renewal.

18. Earle also would have testified as to her personal knowledge of other faculty members of the College who alleged to have been treated less favorably than others based upon discriminatory motive.

19. I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 22, 2025

_____
Melissa C. Mihok