**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANTHONY EL-KHOURI,

      Plaintiff,

v.                                                        Case No. 6:23-cv-1162-RBD-RMN

EASTERN FLORIDA STATE
COLLEGE BOARD OF TRUSTEES,

      Defendant.

_____

## <u>ORDER</u>

Before the Court is Plaintiff Anthony El-Khouri's motion for a new trial. (Doc. 92.) The motion is due to be denied.

## BACKGROUND

This employment discrimination case went to trial in March 2025. (Doc. 77.) On the first day of trial, El-Khouri began his case-in-chief with his own testimony. (Doc. 94, p. 34:1–2.) By the end of the first day, the only remaining testimony from El-Khouri was the redirect examination. (*Id.* at 156:2–9.) That evening and early the next morning, El-Khouri's counsel Melissa Mihok, Esq. exchanged emails with two witnesses under subpoena—Laura Earle and Ramona Smith—who confirmed they would attend the second day of trial. (Docs. 92-1, 92-2.)

On the second day, Attorney Mihok finished questioning El-Khouri and

elicited testimony from Sandra Handfield, Barbara Kennedy, and Scott Herber. (Doc. 95, pp. 5:7–119:12.) After the Court excused Herber, Attorney Mihok checked the hallway for El-Khouri's next witness but could not find Earle, whom El-Khouri wanted to call next. (*Id.* at 119:15–23.) After telling the Court that Earle was "supposed to be here" that morning but was not in the hallway, Attorney Mihok stated, "[o]utside of that, the plaintiffs will rest." (*Id.* at 119:19–24.) Defense counsel asked for Attorney Mihok to clarify whether El-Khouri wanted to rest or wait for Earle. (*Id.* at 120:2–4.) After confirming with the Court that it would not wait for a witness if none was available, El-Khouri rested. (*Id.* at 120:6–10.) The Court then excused the jury for a lunch break at 11:50 a.m. (*Id.* at 120:14–22.)

After the jury left, the Court asked Attorney Mihok whether she had subpoenaed Earle, and Attorney Mihok confirmed that she had. (*Id.* at 121:5–10.) Attorney Mihok also stated that Dedra Sibley, another of El-Khouri's witnesses, could testify the next morning but was unavailable that day, despite also being under subpoena. (*Id.* at 121:11–15; Doc. 92-2, pp. 4, 10–11.) Attorney Mihok did not mention Smith. (*See* Doc. 95, pp. 121:3–122:25.) The Court reminded Attorney Mihok that its rules dictate that the Court will not wait for a witness, so the Court would permit another witness only if one was present. (*Id.* at 122:6–18; Doc. 19, p. 19 ¶ 9.) Attorney Mihok asked the Court to allow her to call Sibley "out of order" during Defendant's case-in-chief the next day, and the Court denied this request.

(Doc. 95, p. 122:19–25.) After confirming that El-Khouri rested, Defendant moved for judgment as a matter of law and the Court granted it, entering judgment for Defendant on El-Khouri's claims. (*Id.* at 123:4–143:11; *see* Doc. 85.)

After the trial concluded, Earle emailed Attorney Mihok to tell her that she had waited in the courthouse for over two hours, but courthouse security had sent her to wait outside the wrong courtroom. (Doc. 92-1, p. 1.) As for Smith, Attorney Mihok believes she also was misdirected. (Doc. 92-3, ¶¶ 10–11.) But Smith asserts that she sat outside the correct courtroom from 9:00 a.m. to 12:30 p.m. and was never called to testify. (Doc. 93-2, ¶¶ 6–9.)

El-Khouri now moves for a new trial, and Defendant opposes. (Docs. 92, 93.) The matter is ripe.

## STANDARDS

A court may grant a new trial under Federal Rule of Civil Procedure 59(a) "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). This reason may be substantial errors in the admission or rejection of evidence or that the trial was unfair. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). But a new trial will be granted only if there was error and that error caused substantial prejudice to the affected party. *Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004); *see* Fed. R. Civ. P. 61. Granting a motion for new trial is

a matter of discretion. *See Mekdeci ex rel. Mekdeci v. Merrell Nat'l Lab'ys*, 711 F.2d 1510, 1513 (11th Cir. 1983).

## ANALYSIS

El-Khouri argues that having to rest his case without Earle, Smith, and Sibley's testimony because of factors outside of his control warrants a new trial. (Doc. 92, p. 6.) Defendant counters that the witnesses' inability to testify was due to El-Khouri and his counsel's actions only, not error justifying a new trial. (Doc. 93, p. 6.)

A court has broad discretion in managing its trials. *United States v. Hilliard*, 752 F.2d 578, 582 (11th Cir.1985). In overseeing the admission of evidence, a court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time." Fed. R. Evid. 611(a)(2); *cf.* Fed R. Civ. P. 16(e).

The Court managed the trial according to its Case Management and Scheduling Order ("CMSO"), which established that a party "must rest their case when the party does not have a witness or evidence available to present during the hours designated for trial." (Doc. 19, p. 19 ¶ 9); *cf. Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (holding litigants to scheduling orders generally not abuse of discretion). Acknowledging the CMSO, El-Khouri rested—without Attorney Mihok requesting any relief such as a recess,

early lunch to contact the witnesses, continuance, or Court order to enforce the subpoenas. (Doc. 95, pp. 119:16–120:10); *see* Fed. R. Civ. P. 45(g) (court may hold people who do not obey a subpoena in contempt); *Jenkins v. Anton*, 922 F.3d 1257, 1266 (11th Cir. 2019) (court did not abuse discretion when plaintiff strategically elected to rest without asking for a continuance). It is counsel's role, not the Court's, to put on her case and advocate for her client—so El-Khouri cannot now colorably argue that the Court erred when his counsel did not timely seek relief from the Court's long-held practices of which she was aware. *Cf. Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1408 (11th Cir. 2011) (too late for party to object to time limits set on the presentation of evidence when jury already entered its verdict). Although the Court denied El-Khouri's request to call Sibley out of order, Sibley was only unavailable because Attorney Mihok told her she did not have to attend the second day of trial. (Doc. 92-1, pp. 4–5; Doc. 92-3, ¶ 8); *cf. Jenkins v. Anton*, No. 8:15-cv-283, 2017 WL 2480583, at *1 (M.D. Fla. June 8, 2017), *aff'd*, 922 F.3d 1257 (11th Cir. 2019) (no injustice because plaintiff's inability to present testimony was due to her own choices). So El-Khouri has articulated no error by the Court that warrants a new trial.[1] *See Peat*, 378 F.3d at 1162.

---

[1] The parties' dispute about where Smith was when El-Khouri rested is irrelevant because he rested without seeking any relief from the Court as it pertains to Smith. (Doc. 92-3, ¶ 10; Doc. 93-2, ¶¶ 6–9.) Whether it was El-Khouri's choice not to call Smith or Smith's failure to appear, there is no error attributable to the Court. *Jenkins*, 922 F.3d at 1266.

El-Khouri further argues that he was prejudiced by the inability to call Earle, Smith, and Sibley because their testimony could have changed the outcome of Defendant's Rule 50 motion. (Doc. 92, pp. 6–7.) El-Khouri asserts that Smith and Sibley would have testified about El-Khouri's positive job performance and that Defendant went outside of its normal practice when it did not renew El-Khouri's contract. (*Id.* at 6.) Earle would have "corroborated" El-Khouri's testimony that his national origin played a role in his contract non-renewal because a college administrator apologized to El-Khouri for his treatment. (*Id.* at 6–7.) For evidentiary errors to warrant a new trial, the movant must have suffered substantial prejudice. *See Peat*, 378 F.3d at 1162. Considering the rest of El-Khouri's thinly supported case, the Court is unconvinced that testimony about procedures and performance that would be mostly cumulative or corroborative would have tipped the scales on the Court's ruling on Defendant's Rule 50 motion. (Doc. 94, pp. 71:14–19, 81:1–19, 136:21–137:8; *see* Doc. 85); *cf. United States v. Cross*, 928 F.2d 1030, 1049 (11th Cir. 1991) (continuance not warranted for cumulative testimony with marginal benefit to defendant). With no error in the first place and no substantial prejudice even if there were, El-Khouri is not entitled to a new trial.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's motion (Doc. 92) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 10, 2025.

ROY B. DALTON, JR.
United States District Judge